IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STANLEY WILLIAM ALTMAN )
) No. 15-1592
v.

CAROLYN W. COLVIN

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for disability and disability insurance benefits, based on mental and physical impairments. Plaintiff's claim was denied initially and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied his request for review, and an appeal followed. This Court remanded the matter to the ALJ at Civil Action 13-994, and the ALJ subsequently held another hearing and proffered written interrogatories to an expert in order to resolve a discrepancy between medical opinions. Following an unfavorable decision, this appeal followed. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.  THE PARTIES' MOTIONS

Plaintiff complains that the ALJ failed to cure the issues that resulted in remand. By Order dated September 23, 2014, entered at W.D.Pa. C.A. No. 13-994, I remanded this matter so that the ALJ could "consider or clarify the impact of Plaintiff's lack of insurance and financial resources and his activities of daily living, and their impact, if any, on credibility issues and the assessment of Dr. Scott's opinion." In particular, the lack of treatment – which encompassed the fact that Plaintiff's counsel referred Plaintiff to Dr. Scott – was found to undermine Plaintiff's

credibility, but Plaintiff's proffered financial explanation for gaps in treatment was not explicitly considered.

On remand, the ALJ considered evidence not considered in his pre-remand opinion: the opinions of Dr. Lunnen and Dr. Borda. The ALJ further considered Plaintiff's lack of insurance and funds, alongside the lack of medical treatment. Moreover, the ALJ has now analyzed Dr. Scott's opinion on grounds other than the fact that counsel referred Plaintiff to Dr. Scott, and in light of other contradictory record evidence.[1] In the Opinion preceding that Order, I found it unclear whether the ALJ considered the reasons for Plaintiff's lack of medical treatment, but did not direct the ALJ to address those reasons in any particular manner. A lack of medical treatment, and gaps in treatment, are appropriate considerations, so long as the ALJ considers any proffered explanation therefor. See Burkenbine v. Colvin, 2016 U.S. Dist. LEXIS 15421 (D. Or. Feb. 8, 2016). By addressing the Plaintiff's proffered explanation, and considering the entire record, the ALJ has fulfilled his mandate on remand. So long as he has weighed all of the pertinent evidence, I may not now second guess his decision, and re-weigh that same evidence.

With regard to Plaintiff's activities of daily living, I took issue with the ALJ's lack of explanation regarding how those activities were inconsistent with Plaintiff's allegations and Dr. Scott's opinion. I did so because Plaintiff's activities were not, as they are in many cases, patently inconsistent with his allegations of impairment. I was also influenced by the fact that pre-remand, the ALJ merely noted that the listed activities were inconsistent with claimant's allegations of being disabled or with disability, and that "[i]t would be expected that the claimant would be less active if his allegations were true." Although the ALJ's most recent recitation of Plaintiff's activities of daily living is similar to that in the pre-remand opinion, the ALJ's

---

[1]Due to the potential costs of treatment, Plaintiff objects to the ALJ's observation that Plaintiff did not seek emergency treatment for a head injury. I note that federal law precludes hospitals from refusing emergency treatment, regardless of ability to pay. See 42 U.S.C. § 1395dd.

3

analysis now differs from his previous analysis. Instead of considering Plaintiff's activities alone as directly undermining Plaintiff's allegations, and doing so for unexplained reasons, the ALJ more comprehensively considered Plaintiff's credibility and Dr. Scott's opinion against all of the record evidence. The ALJ was required to explain a non-obvious inconsistency between Plaintiff's activities and his alleged impairments, if the ALJ relied on that inconsistency to reject evidence. Because the ALJ's recent conclusions rested on broader considerations, his approach is no longer insufficient.

## CONCLUSION

In sum, I find that the ALJ complied with this Court's directives on remand, and did not commit error justifying remand or reversal. Instead, the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

## ORDER

AND NOW, this 2nd day of December, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is denied, and Defendant's granted.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court